**YANNI LAW APC**
John C. Bohren (California State Bar No. 295292)
yanni@bohrenlaw.com
145 South Spring Street, Suite 850
Los Angeles, CA 90012
Telephone: (619) 433-2803

**POULIN | WILLEY | ANASTOPOULO, LLC**
Paul J. Doolittle (*Pro Hac Vice Forthcoming*)
Paul.doolittle@poulinwilley.com
cmad@poulin.willey.com
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536

*Attorneys for Plaintiffs and the Putative Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SIERRA ROBINSON,** individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **COMPLAINT FOR:** |
| v. | (1) Violations Of California's False And Misleading Advertising Law |
| **APPLE INC.,** | (2) Violations Of California's Unfair Competition Law |
| *Defendant.* | (3) Fraud by Omission or Fraudulent Concealment; |
| | (4) Breach of Implied Warranties; |
| | (5) Negligent Misrepresentation |
| | (6) Unjust Enrichment; |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Sierra Robinson ("Plaintiffs"), on behalf of herself and all others similarly situated ("Class Members"), by and through their attorneys of record, files this Class Action Complaint against Defendant Apple Inc.. ("Apple" or "Defendant") a California Corporation alleging the following, based upon personal knowledge, where applicable, information and belief, and the investigation of counsel:

## NATURE OF THE ACTION

1. Defendant Apple Inc. is a California corporation with its principal place of business located at One Apple Park Way, Cupertino, California 95014.

2. Apple is a prominent technology company and manufacturer of smart cell phones, tablets, computers and other technology products.

3. In addition to offering physical product for sale, Apple is a developer of artificial intelligence platforms. One such platform is "Siri." Siri is marketed as a digital assistant developed and owned by Apple that integrates with its various operating systems.

4. Apple has also the developer of Apple Intelligence which uses artificial intelligence to enhance the use of Siri on its devices.

5. Apple has numerous physical stores where it sells its products all over the United States and also operates an online store on the internet. As such, Apple regularly conducts business throughout California and in this judicial district.

6. In September 2024, Apple released and began selling its iPhone 16 cell phone. Apple promotes this product as the first phone built with Apple Intelligence.

7. Apple launched an extensive, multi-platform marketing campaign for the iPhone 16, heavily promoting its new "Apple Intelligence" AI features—especially enhanced Siri capabilities—as revolutionary. Apple positioned these AI tools as the defining feature of the device, leading consumers to reasonably expect that these innovations would be available at the time of release.

8. Apple's marketing generated unprecedented consumer excitement, helping justify premium pricing and positioning the company as a leader in the AI race. However, Apple knew these promoted AI features—especially the Siri enhancements—were not real, and only recently admitted they were never available, following backlash and industry scrutiny.

9. In 2024, Apple shipped 226 million phones worldwide.

10. Apple's false and deceptive marketing practices concerning the iPhone 16 allowed it to sell 11% more of this model than it sold the iPhone 15 in the previous year (2023).

11. Apple misled millions of consumers into buying new phones they didn't need by promoting non-existent features, in clear violation of numerous false advertising and consumer protection laws.

**PARTIES**

**A.   Plaintiff**

12. Plaintiff Sierra Robinson ("Plaintiff") is a citizen of California, residing in the city of Los Angeles, in Los Angeles County, California.

13. On December 2024, Plaintiff Robinson purchased an iPhone 16 from an Apple Store located in Portland, Oregon.

14. Plaintiff Robinson's purchase of the iPhone 16 was motivated by Apple's self-promotion on Apple Intelligence integration and enhanced features with Siri which she believed would improve her productivity with the phone.

**B.   Defendant**

15. Apple Inc. is a California Corporation which, as noted above, has its principal place of business in Cupertino, California.

16. Apple designs, manufactures and sells the iPhone 16 series of cell phones in its stores and online through its website and on other platforms.

17. Apple is the developer of Apple Intelligence and Siri and has integrated them into various products including the Apple iPhone 16.

**JURISDICTION AND VENUE**

18. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d) because the amount in controversy for the Class (as defined below) exceeds $5,000,000 exclusive of interest and costs, there are more than 100 members of both the putative Class, and minimal diversity exists because a significant portion of putative Class members are citizens of a state that is not one of the states of which Defendant is a citizen.

19. This Court has personal jurisdiction over Apple because its principal place of business is located in Cupertino, California and Apple markets its products, including the iPhone 16 that is the subject of this complaint, to California residents- including Plaintiff.

20. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(a)(1) and (c). A substantial part of the conduct giving rise to Plaintiff's claims occurred in this District, Defendant regularly transacts business in this District, and Defendant has intentionally availed itself of the laws and markets within this District.

## I. GENERAL ALLEGATIONS

### A. Apple as an Innovator

21. Apple Computer Company was founded on April 1, 1976, by Steve Jobs, Steve Wozniak, and Ronald Wayne in Cupertino, California. Their mission was to make computers accessible and user-friendly for individuals and small businesses. One of the company's first product, the Apple I, laid the groundwork for Apple's future in personal computing.

22. In early January 2007, Apple introduced the iPhone that it promoted as a groundbreaking device combining a mobile phone, an iPod, and an internet communicator into one product.

23. Siri, Apple's intelligent voice assistant, originated from a project at SRI International's Artificial Intelligence Center, funded by DARPA's CALO initiative. In 2007, this research led to the formation of Siri Inc., which launched a standalone app in 2010. Apple acquired Siri Inc. shortly thereafter, integrating the assistant into the iPhone 4S in 2011, marking a significant advancement in voice-controlled technology.

24. In June 2024, Apple announced "Apple Intelligence," as a suite of AI-powered features integrated into iOS 18, iPadOS 18, and macOS Sequoia. This initiative aimed to enhance user experience by providing personalized assistance through Siri and other applications[1].

---

[1] https://www.cnn.com/business/live-news/apple-wwdc-keynote-06-10-24/index.html#:~:text=Apple%20introduced%20%E2%80%9CApple%20Intelligence%E2%80%9D%20%E2%80%93,host%20of%20Apple%20product%20updates. (last accessed June 3, 2025).

25.     The iPhone 16 and iPhone 16 Plus were introduced as devices built for Apple Intelligence[2], Apple introduced "Apple Intelligence" as a suite of AI-driven features integrated into iOS 18, iPadOS 18, and macOS Sequoia, aiming to enhance user experience across its devices. Here's a summary of the key features and enhancements:

   a. **Personalized AI Integration**: Apple Intelligence combines generative models with personal context to deliver relevant and useful intelligence across iPhone, iPad, and Mac[3].

   b. **Natural Interaction**: Siri now offers more natural, flexible, and context-aware interactions, maintaining context across multiple requests[4].

   c. **Text and Voice Input**: Users can seamlessly switch between typing and speaking to Siri, enhancing accessibility and convenience[5].

   d. **Expanded Knowledge**: Siri can answer a broader range of questions about device features and settings, providing users with more comprehensive assistance[6].

   e. **Systemwide Integration**: Users can rewrite, proofread, and summarize text across various apps, including Mail, Notes, Pages, and third-party applications[7]

26.     Consumers are increasingly prioritizing advanced AI capabilities when selecting smartphones and electronic devices. AI-powered voice assistants like Siri are among the most valued tools. Capitalizing on this trend, Apple has marketed its products by emphasizing AI features—particularly to stay competitive with other major brands like Samsung and Google's Android—despite the representations being misleading or untrue.

## II.     CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Federal Rules of Civil Procedure, Rule 23 ("Rule 23").

---

[2] https://www.apple.com/newsroom/2024/09/apple-introduces-iphone-16-and-iphone-16-plus/ (last accessed June 3, 2025).
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] https://www.reuters.com/technology/heres-everything-apple-announced-wwdc-2024-06-10 (last accessed June 3, 2025).
[7] https://www.apple.com/newsroom/2024/09/apple-introduces-iphone-16-and-iphone-16-plus (last accessed June 3, 2025).

28. Pursuant to Rule 23, Plaintiff seeks to represent a Nationwide Class composed of and defined as:

**The Class:** During the fullest period allowed by law, all persons who purchased an Apple iPhone16 in the United States.

29. Excluded from the Class are the Defendants and its officers, directors, management, employees, subsidiaries, and affiliates. Also excluded from the Class are any district judge or magistrate judge to whom this case is assigned, as well as those judges' immediate family members, judicial officers and their personnel, and all governmental entities.

30. Plaintiff reserves the right to revise or amend the above definitions and to add additional Classes or Subclasses based on the discovery of new information.

31. This action has been brought and may be properly maintained as a class action under Federal Rule 23 because there is a well-defined community of interest in the litigation, the proposed Class is easily ascertainable, and Plaintiff is a proper representative:

32. **Numerosity (Rule 23(a)(1)):** The potential members of the proposed Class, as defined and identified herein, are hundreds of thousands, if not millions, and so numerous that joinder of all members of the Class or Subclass is impracticable.

33. **Typicality (Rule 23(a)(3)):** Plaintiff Robinson's claims, as purchaser of the Apple iPhone16, are typical of the claims of the Class.

34. **Commonality: (Rule 23(a)(2)):** Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members of the Class. These common questions include but are not limited to:

    a. Whether Apple knew that the falsity of its claims concerning the capabilities of Apple Intelligence, Siri's upgraded enhancements and their integration into the iPhone16 were false and/or misleading;

    b. Whether Apple knew that its promoted Apple Intelligence, Siri Upgrades and their integration into the iPhone 16 would justify a higher price when compared to the iPhone15;

c. Whether Apple was under a duty to Plaintiff, Class Members, and to disclose the true nature and capabilities of Apple Intelligence, Siri and the AI capabilities of the iPhone16;

d. Whether Apple benefited from selling an iPhone16 whose value was artificially inflated by Apple's concealment of the true features of the iPhone 16 cellphone at the time it was sold to consumers;

e. Whether Apple engaged in unlawful, unfair, or deceptive business practices in advertising and selling the iPhone16;

f. Whether Apple's advertising and sales practices were false or deceptive;

g. The amount by which Plaintiff and the Class overpaid for the iPhone16.

35. **Adequacy of Representation (Rule 23(a)(4))**: Plaintiff will fairly and adequately protect the interests of the Class, respectively. Plaintiff's interests do not conflict with those of Class Members, she has no conflict of interest with other Class Members, is not subject to any unique defenses, and has retained competent and experienced counsel that has experience in complex consumer protection class action cases, as well as sufficient financial and legal resources to prosecute this case on behalf of the class. Plaintiff and counsel have no interest that is in conflict with or otherwise antagonistic to the interests of other Class Members. Plaintiff and counsel are committed to vigorously prosecuting this action on behalf of the members of the Class. Plaintiff and counsel anticipate no difficulty in managing the litigation of this as a class action.

36. **Predominance and Superiority (Rule 23(b)(3)):** In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b)(3). Common questions of law and fact predominate over any questions affecting only individual members of the Class, and a class action is superior to individual litigation and all other available methods for the fair and efficient adjudication of this controversy. Here, common issues predominate because liability can be determined on a class-wide basis even if some individualized damages determination may be required. Individualized litigation also presents a potential for inconsistent or contradictory judgments, and increases the delay and expense presented by complex legal and factual issues of the case to all parties and the court system. Furthermore, the expense and burden of individual

litigation make it impossible for Class Members to individually redress the wrongs done to them and individual Class Members do not have a significant interest in controlling the prosecution of separate actions. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court. If this action is not certified as a class action, it will be impossible as a practical matter for many or most Class Members to bring individual actions to recover money from Defendant, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation. Plaintiff anticipates no difficulty in the management of this action which would preclude its maintenance as a class action.

37. Plaintiff reserves the right to add representatives for the Class and/or future Subclass, provided Defendant is afforded an opportunity to conduct discovery as to those representatives.

## COUNT ONE

**Violations Of California's False And Misleading Advertising Law ("FAL") Cal. Bus. & Prof. Code, § 17500 et seq.**

38. Plaintiff repeats and re-alleges each and every allegation contained in all preceding paragraphs as though fully set forth herein.

39. Apple's acts and practices, as described herein, have deceived and/or are likely to continue to deceive class members and the public. Apple mispresented the Apple Intelligence functionalities and capabilities, concealed delays in software rollout, and misrepresented the purpose and extent of related iOS updates.

40. By its actions, Apple disseminated uniform advertising regarding Apple Intelligence based out of California and governed by California law. The advertising was, by its very nature, unfair, deceptive, untrue, and misleading within the meaning of Cal. Bus. & Prof. Code § 17500, et seq. Such advertisements were intended to and likely did deceive the consuming public for the reasons detailed herein.

41. The above-described false, misleading, and deceptive advertising Apple disseminated continues to have a likelihood to deceive in that Apple failed to disclose the true nature of Apple

Intelligence's functionality and related iOS software updates and rollouts, continuing to deceive consumers.

42. Apple continued to misrepresent to consumers that Apple Intelligence's capabilities were fully operational and would be functional on the iPhone 16 Devices, even though they were not even fully developed. Had Apple disclosed this, rather than falsely advertising Apple Intelligence's non-existent functionalities, consumers would not have purchased their iPhone 16 Devices or would not have purchased their iPhone 16 Devices for the premium prices that Apple charged.

43. In making and disseminating the statements alleged herein, Apple knew, or should have known, that its advertisements were untrue and misleading in violation of California law. Plaintiff and other class members based their decisions to download iOS 15 on Apple's omitted material facts. Plaintiffs and class members were injured in fact and lost money and property as a result.

44. The misrepresentations and non-disclosures by Apple of the material facts described and detailed herein constitute false and misleading advertising and, therefore, constitute violations of Cal. Bus. & Prof. Code § 17500, et seq.

45. As a result of Apple's wrongful conduct, Plaintiff and the class members have suffered economic injury and other harm and seek damages, restitution and/or disgorgement, as appropriate.

46. Monetary damages and other legal remedies alone are inadequate to address Apple's wrongful practices described in this complaint. Among other reasons, such remedies would not end Apple's wrongful practices. Plaintiff and Class Members are entitled to injunctive relief to address Apple's wrongful conduct. Plaintiff and Class Members further seek any additional equitable relief to which they may be entitled.

## COUNT TWO

### Violations Of California's Unfair Competition Law ("UCL")

### Cal. Bus. & Prof. Code, § 17200 et seq.

47. Plaintiff repeats and re-alleges each and every allegation contained in all preceding paragraphs as though fully set forth herein.

48. Apple is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

49. Apple violated the UCL by engaging in unlawful, unfair, and deceptive business acts and practices.

50. Apple has engaged in "unlawful" business practices by violating multiple laws, including the False and Misleading Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq.; California Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1780, et seq.; and California common law.

51. Apple violated § 17200's prohibition against "fraudulent" conduct by making misleading statements in its pervasive marketing and advertising of Apple Intelligence and the iPhone 16 Products, regarding Apple Intelligence capabilities, without disclosing the critically important information that the capabilities were not legitimate. Apple's representations and omissions were likely to mislead reasonable consumers and did mislead them. Plaintiff and other members of the Class relied on Apple's misrepresentations and would not have purchased iPhone 16 Devices, or would not have paid such a premium price for the iPhone 16 Devices, if they knew that such promised capabilities would not be delivered.

52. Apple's conduct is also "unfair" pursuant to the UCL. Apple's conduct is substantially injurious to consumers like Plaintiff and other Class Members, offends public policy, is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct—Apple acted unfairly by advertising and selling products while concealing the delay or non-existence of promised capabilities. Apple engaged in this conduct at the expense of its consumers' rights when other, lawful alternatives were available—such as providing consumers with full information about the iPhone 16 Devices and Apple Intelligence's functionality, among other alternatives.

53. As a result of Apple's wrongful conduct, Plaintiff and Class Members have suffered economic injury and other harm.

54. Monetary damages and other legal remedies are inadequate to address Apple's wrongful practices described in this complaint. Among other reasons, such remedies would not end Apple's wrongful practices. Plaintiff is entitled to injunctive relief to address Apple's wrongful conduct. Plaintiff further seeks any additional equitable relief to which they may be entitled.

## COUNT THREE

### Fraud by Omission or Fraudulent Concealment

55. Plaintiff repeats and re-alleges each and every allegation contained in all preceding paragraphs as though fully set forth herein.

56. Plaintiff brings this cause of action on behalf of herself and the Class against Apple Inc.

57. Apple knew that its iPhone 16 lacked the technological capabilities it promoted concerning Apple Intelligence, Siri and platform integration with its Artificial Intelligence software when it marketed these phones for sale.

58. Apple concealed from and failed to disclose to Plaintiff and other Class Members the technological advances they promoted where not yet available for use on the iPhone 16 as marketed and advertised.

59. The iPhone 16, while operable, was defective because its ordinary use implied the ability to utilize Apple Intelligence, Siri and platform integration in a manner inconsistent with its actual capabilities. Apple was under a duty to Plaintiff and Class Members to disclose the defective nature of the of the iPhone 16 because:

   a. Apple was in a superior position to know the true state of facts about the defect contained in the iPhone 16;
   b. The omitted facts were material because they directly affected the value consumers paid for the iPhone and their expectations regarding product usage;
   c. Apple knew the omitted facts regarding the defects of the iPhone 16 were not known to or reasonably discoverable by Plaintiff and Class Members;
   d. Apple knew the true capabilities of Apple Intelligence, Siri and their use within the iPhone 16 and failed to honestly and accurately disclose those limitations and its true defective nature to Plaintiff and other Class Members; and
   e. Apple actively concealed the defective nature of the iPhone 16's capabilities from Plaintiff and other Class Members.

60. The facts concealed or not disclosed by Apple to Plaintiff and other Class Members are material in that a reasonable person would have considered them to be important in deciding whether

to purchase an iPhone 16, whether to pay a lesser price for it, or whether to purchase a competitor's "smartphone". Had Plaintiff and other Class Members known about the defective nature of the iPhone 16, they would not have purchased the phone or would have paid less for them.

61. Apple concealed or failed to disclose the true nature of the design and/or manufacturing defects of the iPhone 16 to induce Plaintiff and other Class Members to purchase the iPhone. Plaintiff and other Class Members justifiably relied on Apple's omissions to their detriment. This detriment is evidenced by Plaintiff and Class Members' purchase of Apple's iPhone 16.

62. On information and belief, Apple continued to conceal the defective nature of the iPhone 16 even after Class Members began to complain about its capabilities.

63. As a direct and proximate result of Apple's misconduct, Plaintiff and other Class Members have suffered and will continue to suffer actual damages. Plaintiff and Class Members reserve their right to elect either to (a) rescind their purchases of the iPhone 16 and to obtain restitution, or (b) affirm their purchases and recover damages.

64. Apple's acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff and the Class's rights and well-being to enrich Apple. Their conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## COUNT FOUR

### Breach of Implied Warranty of Merchantability

65. Plaintiff repeats and re-alleges each and every allegation contained in all preceding paragraphs as though fully set forth herein.

66. Plaintiff brings this cause of action on behalf of herself and the Class against Apple Inc.

67. Apple is the manufacturer, distributor, warrantor, and/or seller of the iPhone 16.

68. The iPhone 16 cell phones were and are, at all relevant times, a "good(s)" within the relevant laws. Apple knew or had reason to know of the specific uses for which the iPhone 16 cell phones, as goods, were purchased.

69. In addition to direct sales, Apple entered into agreements with retailers, suppliers, and/or contractors to sell its iPhone 16 to be used by Plaintiff and other Class Members.

70. Apple provided Plaintiff and Class Members with implied warranties that the iPhone 16's were merchantable and fit for the ordinary purposes- which they promoted as advanced integration using Apple's artificial intelligence platform, Apple Intelligence, and Siri for which they implied these technological advancements made this iPhone superior to previous generations of iPhones and superior to similar devices sold by their competitors. These implied warranties became part of the basis of the bargain between Plaintiff and Class Members and Igloo.

71. However, at the time of delivery, Apple breached the implied warranties because the iPhone 16 cell phones are not fit for their ordinary purpose of providing these advanced features as promoted. Therefore, these iPhone 16 cell phones contained a fundamental defect that rendered them unfit for their ordinary purpose.

72. As alleged herein, Plaintiff and Class Members purchased a product that was not advanced as they were led to believe and paid a premium price for an inferior product.

73. Since Apple also sold its iPhone 16 through third party vendors, Apple's manifest intent was that their warranties apply to Plaintiff and Class Members as third-party beneficiaries. Likewise, it was reasonably foreseeable that Plaintiff and Class Members would be the intended beneficiaries of the iPhone 16 and its warranties.

74. Defendant breached the implied warranty of merchantability to Plaintiff and Class Members in its representations that the iPhone 16 Devices contained the Apple Intelligence and Siri capabilities that were advertised, when those representations were actually false.

75. Apple failed to adequately warn or disclose to Plaintiff and other Class Members that the iPhone 16 could not operate as promoted.

76. Apple's failure to adequately repair or replace the iPhone 16 caused the warranty to fail in its essential purpose.

77. As a direct and proximate result of the foregoing, Plaintiff and the Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

**COUNT FIVE**

**Negligent Misrepresentation**

78. Plaintiff repeats and re-alleges each and every allegation contained in all preceding paragraphs as though fully set forth herein.

79. Apple had a duty to Plaintiff and the class to exercise reasonable and ordinary care in the developing, marketing, and sale of Apple Intelligence and the iPhone 16 Devices.

80. Apple breached its duty to Plaintiffs and the class by falsely advertising and promoting Apple Intelligence and the capabilities that would be accessible on the iPhone 16 Devices, when such capabilities were not, and would not be, available.

81. Apple knew or should have known that the qualities and characteristics of the products were not as advertised, warranted and represented by Apple.

82. As a result of Apple's wrongful conduct, Plaintiffs and the class members have suffered economic injury and other harm, as they would not have purchased the iPhone 16 Devices had they known of the truth of Apple's deceptions. Plaintiffs and the Class seek actual damages, attorney's fees, costs, and any other just and proper relief available.

## COUNT SIX

### Unjust Enrichment

83. Plaintiff repeats and re-alleges each and every allegation contained in all preceding paragraphs as though fully set forth herein.

84. Plaintiff brings this cause of action on behalf of herself and the Class against Apple Inc.

85. Apple has received and retained a benefit from Plaintiff and other Class Members resulting in an inequity.

86. Apple benefited from selling defective and false advertised iPhone 16 cell phones whose value was artificially inflated by Apple's false promotion and concealment of its true technological features. As such, Plaintiff and Class Members have overpaid for their iPhone 16 cell phones.

87. As a result of its wrongful acts, concealments, and omissions of the defects in the iPhone 16 cell phones as described above, Apple charged higher prices for their iPhone 16 cell phones than the product's true value. Plaintiff and other Class Members paid a higher price for the iPhone 16 cell phone than they would have paid had they known of the defects in those cell phones.

88. All Class Members conferred a benefit on Apple.

89. It is inequitable for Apple to retain these benefits.

90. Plaintiff and other Class Members were not aware of the true facts about the iPhone 16.

91. Apple knowingly accepted the benefits of its unjust conduct.

92. As a result of Apple's unjust enrichment, Plaintiff, Class Members have suffered damages.

93. Plaintiff, on behalf of herself and other Class Members, seek an order requiring Apple to make restitution to Plaintiff, Class Members and be disgorged of all profits arising out of the sale of the iPhone 16 cell phones.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and members of the Class prays for judgment against Apple as follows:

A. Certifying the proposed Class as requested herein pursuant to Federal Rule of Civil Procedure 23;

B. Entering an order appointing Sierra Robinson as representatives of the National Class;

C. Awarding Plaintiff and Class Members the right to elect either to (a) rescind their purchases of the Apple iPhone 16 cell phones and to obtain restitution, or (b) affirm their purchases of the Apple iPhone 16 and recover damages;

D. Awarding Plaintiffs, Class Members all actual, general, special, incidental, statutory, and punitive damages to which they are entitled;

E. Awarding restitution and ordering disgorgement of all profits and unjust enrichment that Apple obtained from Plaintiff Class and Members as a result of Apple's unfair, and fraudulent business practices;

F. Granting injunctive relief as permitted by law or equity, including enjoining Apple from continuing the unlawful practices as set forth herein and requiring Apple to institute a recall program which provides for adequate notice of the recall to affected consumers and for adequate remedies to those consumers;

G. Awarding attorneys' fees and costs as authorized by statute and governing law;

H. Awarding both pre- and post-judgment interest on any monetary relief; and

I. Awarding such other and further relief, at law and in equity, as the nature of this case may require or as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and members of the Class hereby demands a jury trial on all issues so triable.

DATED:   June 4, 2025.

/s/ *John C. Bohren*
**YANNI LAW APC**
John C. Bohren (California State   Bar No. 295292)
yanni@bohrenlaw.com
145 South Spring Street, Suite 850
Los Angeles, CA 90012
Telephone: (619) 433-2803
Fax: (800) 867-6779

AND

Paul J. Doolittle (*Pro Hac Vice* Forthcoming)
**POULIN | WILLEY ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
Email: *paul.doolittle@poulinwilley.com*
            *cmad@poulinwilley.com*


*Attorneys for Plaintiff and the Putative Class*